Slaughter, Justice, dissenting.
I respectfully dissent from the Court's decision to grant transfer in this contested-adoption case and from its resolution of the merits.
The Court holds that Mother was justified in not communicating with Child for more than a year because (1) Father and *768 Stepmother made it impossible for Mother to do so and (2) Mother was preoccupied during that time as she was recovering from drug dependency and breaking free of an abusive relationship. As explained below, I am unable to join the Court's opinion because I believe both its grounds for reversal lack merit.
On the first issue, there was no clear error below that warrants this Court's reversal. The evidence adduced in the trial court amply supports that court's findings, and its findings amply support its judgment. The trial court specifically considered Mother's allegation that the custodial parents were interfering with her access to Child. After considering that allegation and competing evidence and weighing witness credibility, the trial court found otherwise-a quintessential fact-finding exercise well within its prerogative.
Could the trial court have reached a different conclusion based on the evidence it heard? Certainly. But that is the wrong question for a reviewing court to pose. Under the applicable standard of review, it is immaterial whether the evidence might have supported the factfinder's reaching a different result. The right question is whether the record entitled the factfinder to reach the result it did. In my view, the Court of Appeals asked the right question and, in so doing, got the right answer-that ample evidence supports the trial court's three key findings:
• Mother knew how to communicate with Child.
• Neither Father nor Stepmother denied Child contact with Mother.
• Mother made minimal efforts to communicate with Child for over a year.
These findings, in turn, support the trial court's conclusion that Father and Stepmother did not impede communication between Mother and Child.
Under the controlling statute, Mother's lack of "justifiable cause to communicate significantly with the child" for at least a year "when able to do so", Ind. Code § 31-19-9-8(a)(2)(A), deprived her of the legal right to consent to Child's adoption. That was the trial court's considered judgment. I would affirm that judgment and not disturb the Court of Appeals' decision upholding it.
On the second issue, the Court sua sponte decides a new question of law that Mother did not raise below and thus was never briefed: Does attending to personal circumstances to rehabilitate one's suitability as a parent justify the lack of significant communication with one's child for more than a year? There may be good reason for concluding, on an adequately developed record and after full briefing by the parties, that the answer should be yes. But I would not hold that the trial court abused its discretion here based on a legal argument the trial court never heard. Because Mother did not present this argument to the trial court, I would not afford her relief under it.
For these reasons, I respectfully dissent from the Court's decision.
Massa, J., concurs.